# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Case No. 1:21-cv-3087

**LEN BOCANEGRA**,
    Plaintiff,

v.

**AREPAS HOUSE, LLC**, **and JORGE A. DOMINGUEZ,**
    Defendants.

---

## ORIGINAL COMPLAINT

---

COMES NOW Plaintiff Len Bocanegra ("Plaintiff"), by and through his attorneys April Rhéaume and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint against Defendants Arepas House, LLC, and Jorge A. Dominguez (collectively "Defendant" or "Defendants"), and in support thereof he does hereby state and allege as follows:

### I.    PRELIMINARY STATEMENTS

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff lawful overtime compensation for hours worked in excess of forty hours per week.

2. Plaintiff also brings this action under the Colorado Wage Act, C.R.S. § 8-4-101, *et seq.* ("CWA"), and Colorado Minimum Wage Order No. 34, 7 C.C.R. § 1103-1

("CMWO").

3. Upon information and belief, for at least three years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA, the CWA and the CMWO as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the District of Colorado has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

6. Plaintiff's claims under the CWA and CMWO form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint. Therefore, this Court has supplemental jurisdiction over Plaintiff's CWA and CMWO claims pursuant to 28 U.S.C. § 1367(a).

7. The witnesses to the wage violations herein reside in this District.

8. The records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

## III. THE PARTIES

9. Plaintiff is a resident and citizen of Denver County.

10. Separate Defendant Arepas House, LLC ("Arepas House"), is a domestic, for-profit corporation.

11. Arepas's registered agent for service of process is Jorge A. Dominguez, at 5505 West 20th Avenue, Unit 112, Edgewater, Colorado 80214.

12. Separate Defendant Jorge A. Dominguez ("Dominguez") is an individual and resident of Colorado.

13. Defendant, in the course of business, maintains a website at https://www.arepashouse.com/.

## IV.   FACTUAL ALLEGATIONS

14. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

15. Defendant owns and operates a restaurant in Denver.

16. Dominguez is a principal, director, officer, and/or owner of Arepas House.

17. Dominguez took an active role in operating Arepas House and in the management thereof.

18. Dominguez, in his role as an operating employer of Arepas House, had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined his work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

19. Dominguez, at relevant times, exercised supervisory authority over Plaintiff in relation to his work schedule, pay policy and the day-to-day job duties that Plaintiff's jobs entailed.

20. During each of the three years preceding the filing of this Complaint, Defendant has employed two or more individuals who engage in interstatecommerce or business transactions, or who produce goods to be transported or sold in interstate

commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as vehicles.

21. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

22. At all material times herein, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA, the CWA and the CMWO.

23. Plaintiff was employed by Defendant within the three years preceding the filing of this Original Complaint.

24. Specifically, Plaintiff was employed by Defendant from December of 2019 until April of 2021 as a Kitchen Manager and a Food Safety Manager.

25. Defendant classified Plaintiff as a salaried employee, exempt from the overtime requirements of the FLSA.

26. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

27. At all relevant times herein, Defendant directly hired Plaintiff to work on its behalf, paid him wages and benefits, controlled his work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

28. Plaintiff's primary duties as Kitchen Manager were to complete the produce and ingredients order shopping, pick up the produce and ingredients, prepare the food for the restaurant based on the menu approved by Dominguez, and assign kitchen tasks to

whichever employees Dominguez scheduled to work that day.

29. Plaintiff's primary duties as Food Safety Manager were to train new hires how to prepare food properly and safely, how to reheat food properly and safely and how to store food properly and safely.

30. Plaintiff did not hire or fire any other employees.

31. Plaintiff was not asked to provide input as to which employees should be hired or fired.

32. Plaintiff did not exercise discretion or independent judgment as to matters of significance.

33. Plaintiff's duties were rote and routine, and he sought input from supervisors when his duties were not rote or routine.

34. Plaintiff regularly worked over forty hours each week.

35. Plaintiff was often required to be at work from 7:00 AM until 9:45 or 10:00 PM, six days per week.

36. On his day off Plaintiff was required to shop for the food Defendant's restaurant needed for the next week.

37. Other than shopping for food, Plaintiff performed all or almost all of his work on Defendant's premises.

38. Defendant provided Plaintiff with a paper timesheet by which Plaintiff recorded his time.

39. Defendant knew or should have known that Plaintiff was working hours over forty in most weeks.

40. Plaintiff was not paid overtime wages for hours worked over forty per week.

41. At all relevant times herein, Defendant has deprived Plaintiff of overtime compensation for all of the hours worked over forty per week.

42. Defendant knew or showed reckless disregard for whether the way it paid Plaintiff violated the FLSA.

## V.     FIRST CLAIM FOR RELIEF—VIOLATION OF THE FLSA

43. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

44. 29 U.S.C. § 207 requires employers to pay employees 1.5x the employee's regular rate for all hours that the employee works in excess of 40 per week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

45. Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

46. Defendant failed to pay Plaintiff an overtime rate of 1.5x his regular rate for all hours worked in excess of 40 hours per week, despite Plaintiff's entitlement thereto.

47. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

48. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred within the three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable

tolling.

49. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

50. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI. SECOND CAUSE OF ACTION—VIOLATIONS OF THE CWA AND CMWO

51. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

52. Plaintiff regularly worked more than forty hours per workweek.

53. Defendant failed to properly pay Plaintiff overtime wages at a rate of not less than 1.5x his regular rate of pay for all hours he worked in excess of 40 per workweek.

54. Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

55. Because Defendant willfully violated the CWA and CMWO, a three-year statute of limitations shall apply to such violations.

56. As a result of Defendant's policies and practices described above, Plaintiff was illegally deprived of overtime wages earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, reasonable attorneys' fees,

costs and other compensation pursuant to Colo. Rev. Stat. § 8-6-118.

## VII.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Len Bocanegra respectfully prays that Defendant be summoned to appear and to answer herein as follows:

A.   That Defendant be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies paid to him;

B.   A declaratory judgment that Defendant's practices violate the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

C.   Judgment for damages for all unpaid overtime compensation under the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

D.   Judgment for liquidated damages pursuant to the FLSA, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

E.   A declaratory judgment that Defendant's practices alleged herein violate the Colorado Minimum Wage Order Number 35, 7 Colo. Code Regs. § 1103-1(4);

F.   Judgment for damages for all unpaid overtime compensation and penalties to which Plaintiff is lawfully entitled under the Colorado Minimum Wage Order Number 35, 7 Colo. Code Regs. § 1103-1(4), Colo. Rev. Stat. § 8-6-118, and/or the CWCA, Colo. Rev. Stat. § 8-4-109;

G.   An order directing Defendant to pay Plaintiff pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

H.   Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF LEN BOCANEGRA**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ April Rhéaume*
April Rhéaume
Ark. Bar No. 2015208
april@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Col. Bar No. 44358
josh@sanfordlawfirm.com