**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 21-cv-3087-WJM-SP

LEN BOCANEGRA,

      Plaintiff,

v.

AREPAS HOUSE, LLC, and
JORGE DOMINGUEZ,

      Defendants.

---

### ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

---

Before the Court is Defendants Arepas House, LLC and Jorge Dominguez's

(jointly, "Defendants") Motion for Summary Judgment and Dismissal of State Claim(s)

("Motion").  (ECF No. 28.)  Plaintiff Len Bocanegra filed a response (ECF No. 29), and

Defendants filed a reply (ECF No. 30).  For the following reasons, the Motion is denied.

### I. LEGAL STANDARD

Summary judgment is warranted under Federal Rule of Civil Procedure 56 "if the

movant shows that there is no genuine dispute as to any material fact and the movant

is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986).  A fact is "material" if, under the

relevant substantive law, it is essential to proper disposition of the claim.  *Wright v.*

*Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001).  An issue is "genuine" if

the evidence is such that it might lead a reasonable trier of fact to return a verdict for

the nonmoving party.  *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

In analyzing a motion for summary judgment, a court must view the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). In addition, the Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial. *See Houston v. Nat'l Gen. Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

## II. MATERIAL FACTS

The undersigned's WJM Revised Practice Standards impose the following requirement on a summary judgment movant:

> All motions for summary judgment . . . must contain a section entitled "Movant's Statement of Material Facts." This Statement shall set forth in simple, declarative sentences, all of which are separately numbered and paragraphed, each material fact the movant believes supports movant's claim that movant is entitled to judgment as a matter of law. Each statement of fact must be accompanied by a specific reference to supporting evidence in the record.

WJM Revised Practice Standards III.F.3. Accordingly, Defendants filed a Statement of Material Facts ("SOMF") in the Motion. (ECF No. 28 at 2–3.) Because the SOMF is brief—consisting of four purported facts—the Court has included it in its entirety here.

> 1. There is no enterprise coverage because Defendant's annual gross sales volume for the relevant period never exceeded $500,000 as required by the definition prong of 29 U.S.C. §203(s)(1)(A)(ii). Plaintiff concedes this fact and amended his complaint "to remove the allegations that Defendants had more than $500,000.00 in gross revenue per year …" Doc. No. 13 at ¶1. See also Affidavit of Jorge Dominguez, Doc. No. 10, attached hereto as Exhibit 2.
>
> 2. Defendant employed Plaintiff as a cook and, later, as the kitchen manager.

> 3. Plaintiff states: "As a chef I only cooked and did prep work.  As a Kitchen Manager I did prep work and cooked everything on the menu.  This was my obvious primary duty." Plaintiff's Answer to Interrogatories No. 9, Exhibit 3.
>
> 4. Plaintiff has not adduced competent, summary judgment evidence to support any contention that he was engaged in interstate commerce within the meaning of the FSLA statue [*sic*].

(*Id.*)

The WJM Revised Practice Standards further clarify the following:

> Any party opposing the motion for summary judgment . . . shall provide a "Response to Movant's Material Facts" in its brief, admitting or denying the asserted material facts set forth by the movant. . . .

WJM Revised Practice Standards III.F.4.  Plaintiff did not include a Response to Movant's SOMF in his response, instead launching directly into his version of events. (*See* ECF No. 29.)  Given Plaintiff's failure to comply with the WJM Revised Practice Standards, the facts in the SOMF are deemed admitted.  *See Wilson v. Xiant Techs., Inc.*, 2021 WL 1662737, at *1 (D. Colo. Apr. 28, 2021) (citing *Race v. Bd. of Cnty. Comm'rs*, 2017 WL 3334647, at *1 n.1 (D. Colo. Aug. 4, 2017) (deeming defendants' statement of facts admitted where plaintiffs fail to provide a paragraph-by-paragraph response to defendants' statement "but instead jump directly to their version of the story, presented in typical narrative form")).

However, Defendants included some legal conclusions in their SOMF.  The first fact concerns enterprise coverage.  In the First Amended and Substituted Complaint, Plaintiff states that he removes the

> allegations that Defendants had more than $500,000.00 in gross revenue per year, and to bolster the facts that support

the allegation that Plaintiff and other employees handled
products that have been moved in or produced for interstate
commerce while operating the business.

(ECF No. 13 ¶ 1.)  The Court understands Plaintiff's allegation to mean that he no

longer relies on a theory of enterprise coverage in pursuing this action against

Defendants.  Therefore, Defendants' purported fact and subsequent arguments

concerning enterprise coverage are moot.[1]

Additionally, in the fourth fact, Defendants state that Plaintiff has not adduced

sufficient evidence to support his theory of individual coverage under the FLSA.

However, that assertion is a legal conclusion, which the Court does not deem admitted,

despite Plaintiff's failure to respond to it.

### III. BACKGROUND[2]

Defendants own and operate Arepas House, a Venezuelan restaurant in

Edgewood, Colorado.  (ECF No. 13 ¶ 16.)  Plaintiff was employed by Defendants from

December 2019 until April 2021 as a kitchen manager and a food safety manager.  (¶

30.)  His primary duties were to cook and prepare food.  (¶ 34.)  Plaintiff alleges that his

other duties as kitchen manager were to complete the produce and ingredients order

shopping, pick up the produce and ingredients, prepare the food for the restaurant

based on the menu approved by Dominguez, and assign kitchen tasks to whichever

employees Dominguez scheduled to work that day.  (*Id*. ¶ 35.)  Plaintiff's other duties

---

[1] The Court considers Plaintiff judicially estopped from again arguing that enterprise coverage exists in this case.

[2] Given both parties' failure to provide a thorough background section in the briefs on the Motion, the Court sets forth this Background section based on allegations in the First Amended and Substituted Complaint.  (ECF No. 13.)  However, because this Order comes in the context of Federal Rule of Civil Procedure 56, the Court does not assume the truth of the allegations, as it would in the context of Federal Rule of Civil Procedure 12.

as food safety manager allegedly were to train new hires how to prepare food properly and safely, how to reheat food properly and safely, and how to store food properly and safely.  (¶ 36.)

Dominguez is a principal, director, officer, and/or owner of Arepas House and in this role, he had the power to hire and fire Plaintiff, supervised Plaintiff, determined his work schedule, and made decisions regarding Plaintiff's pay.  (*Id.* ¶¶ 18–20.)

Plaintiff alleges that Defendants have employed two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as vehicles.  (*Id.* ¶ 22.)  Arepas House allegedly relied on supplies to operate the restaurant, food truck, and catering that were supplied by Sysco, a national wholesale retailer that provides goods to restaurants.  (*Id.* ¶ 23.)  Plaintiff allegedly was required to pick up supplies for the restaurant that were not delivered by Sysco, which he did 3–4 times each week.  (*Id.* ¶ 24.)  Because Arepas House is a Venezuelan restaurant, Plaintiff alleges that it regularly requires certain supplies not available in Colorado, including tequeños made in Texas.  (*Id.* ¶ 25.)  Allegedly, Plaintiff personally picked up the arepa mix, which is made outside of the state of Colorado, as well as many other items at Restaurant Depot, which is a national retailer that has a local warehouse in Denver, which is one of 143 locations in the United States.  (*Id.* ¶ 26.)  Plaintiff alleges that he regularly and frequently used cellular phones and credit cards while performing his job duties, particularly when he had to pick up supplies on his day off.  (*Id.* ¶ 27.)

On November 17, 2021, Plaintiff brought this civil action under the Fair Labor

Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's alleged failure to pay Plaintiff lawful overtime compensation for hours worked in excess of forty hours per week.  (*Id.* ¶ 2.)  Plaintiff also brought this action under the Colorado Wage Act, C.R.S. § 8-4-101, *et seq.* ("CWA"), and Colorado Minimum Wage Order No. 34, 7 C.C.R. § 1103-1 ("CMWO"). (*Id.* ¶ 3.)  Plaintiff alleges that Defendants have willfully and intentionally committed violations of the FLSA, the CWA and the CMWO.  (*Id.* ¶ 4.)

### IV. ANALYSIS

The only issue before the Court is whether Plaintiff has met his burden to show there is at a minimum a genuine dispute of material fact as to whether his employment was individually covered under the FLSA.  The Tenth Circuit has stated that in assessing individual and enterprise coverage, Congress intends to "regulate only activities constituting interstate commerce, not activities merely affecting commerce." *Reagor v. Okmulgee Cnty. Fam. Res. Ctr.*, 501 F. App'x 805, 809 (10th Cir. 2012) (citations omitted).  "Practical considerations guide when determining what constitutes commerce or engaging in commerce."  *Id.* (citing *Overstreet v. N. Shore Corp.*, 318 U.S. 125, 128 (1943)).

To satisfy the requirements for individual coverage, an employee must "directly participat[e] in the actual movement of persons or things in interstate commerce."  *Id.* (quoting *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006); *see N.M. Pub. Serv. Co. v. Engel*, 145 F.2d 636, 638 (10th Cir. 1944) ("[T]o be engaged in commerce within the meaning of that phrase, an employee must be

actually engaged in the movement of commerce, or the services he performs must be so closely related thereto as to be for all practical purposes an essential part thereof.")).

To determine whether an employee is engaged in commerce, the Tenth Circuit examines the employee's activities, not the business of his employer.  *See id.* (citing *Mitchell v. Lublin, McGaughy & Assocs.*, 358 U.S. 207, 211 (1959)).  The employee "must either work for a transportation or communication industry employer or regularly and recurrently use an instrument of interstate commerce, such as a telephone."  *Id.* (citing *Thorne*, 448 F.3d at 1266; *see also* 29 C.F.R. § 776.10(b) (requiring regular and recurrent use of instruments of communication as part of job duties)).  However, "[i]solated or sporadic activities do not satisfy this requirement."  *Id.* (citing *Dent v. Giaimo*, 606 F. Supp. 2d 1357, 1360 (S.D. Fla. 2009); *see also Bowrin v. Catholic Guardian Soc'y*, 417 F. Supp. 2d 449, 466 (S.D.N.Y. 2006) (stating that *de minimis* interstate activities are not covered by FLSA); *Kitchings v. Fla. United Methodist Children's Home, Inc.*, 393 F. Supp. 2d 1282, 1293 n. 26 (M.D. Fla. 2005) ("For an employee to be engaged in commerce, a substantial part of the employee's work must be related to interstate commerce." (internal quotation marks omitted))).

Defendants argue that Plaintiff cannot demonstrate that individual coverage exists in this case because he does not engage in interstate commerce.  (ECF No. 28 at 4.)  Because Plaintiff's primary duties were to cook and do prep work, Defendants contend that his "incidental duties," such as using a credit card, purchasing goods for the restaurant, or using the phone, do not satisfy the standards for engaging in interstate commerce under the FLSA.  (*Id.* at 6.)

On a motion for summary judgment, the Court is required to draw reasonable inferences in the light most favorable to the non-moving party.  The Court finds that a question of fact remains as to whether Plaintiff's interstate contacts are sufficient to trigger individual coverage under the FLSA.  Thus, for the following reasons, the Court denies the Motion.

As an initial matter, the Court will address the sufficiency of the evidence adduced by Plaintiff in his response.  Plaintiff attaches to his response the Declaration of Len Bocanegra ("Declaration"), which he verified pursuant to 28 U.S.C. § 1746. (ECF No. 29-1.)  The Declaration is the primary—truly the only—source of evidence on which Plaintiff relies to defeat summary judgment.  Defendants argue that the Declaration is "inadequate," as it contains conclusory statements which are unsupported by evidence of record.  (ECF No. 30 at 5 (citing three out-of-circuit cases).)

However, Defendants ignore the fact that Plaintiff swears that the Declaration is "based upon [his] personal knowledge of the matters contained [therein]."  (ECF No. 29-1 at 1.)  The Tenth Circuit has stated that a court cannot necessarily reject a declaration out-of-hand as "self-serving."  *Vreeland v. Schwartz*, 2021 WL 2946465, at *5 (10th Cir. July 14, 2021).  Rather, when a declaration is "based upon personal knowledge and sets forth facts that would be admissible in evidence, it is legally competent to oppose summary judgment, irrespective of its self-serving nature."  *Id.* (quoting *Sanchez v. Vilsack*, 695 F.3d 1174, 1180 n.4 (10th Cir. 2012) (brackets, citation, and internal quotation marks omitted in *Vreeland*)).  Moreover, the Tenth Circuit has found that the mere fact that a declaration is "uncorroborated" is, on its own,

insufficient to grant summary judgment in a defendant's favor.[3]  *Id.*  And on summary judgment, a district court may not weigh the credibility of witnesses.  *Id.* (citing *Fogarty v. Gallegos*, 523 F.3d 1147, 1165 (10th Cir. 2008)).  Therefore, the Court considers the Declaration competent evidence.[4]

Turning to the substance of the Declaration, the Court finds that it sets forth facts sufficient to raise a genuine factual dispute as to whether Plaintiff's work requires him to engage in interstate commerce.  *See St. Elien v. All Cnty. Env't Servs., Inc.*, 991 F.3d 1197, 1201 (11th Cir. 2021) (vacating district court's order granting Rule 50(a) motion on basis that employee was not "engaged in commerce" under FLSA because "a reasonable jury could find that St. Elien was covered under the FLSA").  Plaintiff concedes that simply handling goods already acquired by a merchant for local disposition does not suffice to engage in interstate commerce.  (ECF No. 29 at 4.)  The case law firmly supports this position.  *See McLeod v. Threlkeld*, 319 U.S. 491, 494

---

[3] In *Vreeland*, the Tenth Circuit pointed out that the defendants failed to point the court toward objective evidence blatantly contradicting the plaintiff's story.  *Vreeland*, 2021 WL 2946465, at *6.  That is not the case here, where Defendants have attached to their reply an Order of the United States Department of Transportation and news articles demonstrating that Plaintiff could not have "received supplies straight from Venezuela."  (ECF Nos. 30, 30-1–30-3.)  During the time period relevant to this action, the United States had suspended all commercial passenger and cargo flights between Venezuela and the United States.  (*See id.*)  Defendants construe Plaintiff's statements with respect to Venezuelan supplies as a "materially false declaration" under Rule 56(h) and ask that the Court consider imposing sanctions.  (ECF No. 30 at 7.)

While the Court is dubious as to the veracity of Plaintiff's statements that he received supplies "directly" from Venezuela, it will afford him the opportunity to further elucidate his statements at trial.  However, the Court cautions Plaintiff and his counsel that Defendants' request for sanctions remains under advisement, and the Court will not hesitate to sanction Plaintiff should it find that he committed perjury at trial.  The Court will discuss Plaintiff's references to receiving supplies directly from Venezuela no further in this Order.

[4] While the Court considers the Declaration in ruling on the Motion, Plaintiff's description of his evidence as "detailed" is nothing short of specious.  (*See* ECF No. 29 at 5.)  Plaintiff cites no evidence in his brief beyond the Declaration and his own answers to interrogatories (ECF No. 28-3) and has survived the Motion by the skin of his teeth.

(1943)  ("[E]mployees who handle goods after acquisition by a merchant for general local disposition are not [engaged in commerce].");  *Harlas v. Barn, LLC*, 853 F. App'x 292, 295 (10th Cir. 2021) (relying on *McLeod*); *see also Joseph v. Nichell's Caribbean Cuisine, Inc.*, 862 F. Supp. 2d 1309, 1313 (S.D. Fla. 2012), *as amended* (July 17, 2012) ("[T]he fact that the food (or ingredients) and beverages to be served to customers may have passed in interstate commerce prior to arriving at the restaurant does not invoke individual coverage under the FLSA[.]").

However, Plaintiff states that he performed other activities for Defendants that arguably demonstrate that he did engage in interstate commerce.  For instance, Plaintiff states in his Declaration that his managerial responsibilities required him to procure supplies for the restaurants from a nationwide restaurant supply wholesaler. (ECF No. 29-1 ¶ 7.)  He specifically states that he ordered Venezuelan cheese sticks "from a provider based in Texas," who he spoke to and placed orders from "at least bi-weekly."  (*Id.* ¶ 9.)  Further, he states that he made orders "by phone."  (*Id.* ¶ 10.)  *Cf. Reagor*, 501 F. App'x at 810 (employee failed to assert that use of telephone was a regular and recurrent part of her duties or that she used the phone for interstate communications).  Additionally, Plaintiff has asserted that he handled credit card transactions.  (ECF No. 29-1 ¶¶ 16–17.)  He concedes that this action alone is insufficient to establish individual coverage, but he argues that the combination of his dealings with third-party food delivery services and handling credit card transactions is sufficient to defeat summary judgment.  (ECF No. 29 at 8.)

Plaintiff has declared based on his "personal knowledge" that he engaged in interstate commerce by actively acquiring goods that traveled from out-of-state vendors

on Defendants' behalf and regularly used tools of interstate commerce, such as the phone and credit card transactions, to do his job. The Court concludes that the assertions in the Declaration are sufficient, but just barely, to raise a genuine issue of material fact as to whether Plaintiff engaged in commerce such that he is entitled to individual coverage under the FLSA.

## V. FINAL THOUGHTS

By way of separate Order, the Court will direct the parties to schedule a settlement conference with U.S. Magistrate Judge Susan Prose. Given the nominal amount of damages at issue in the case, the Court has every expectation the parties will successfully resolve this matter before Judge Prose. Proceeding to a three-day jury trial to resolve this minimal (in terms of amount in controversy) dispute would be a colossal misuse of the Court's limited resources, not to mention the significant time and expense such an undertaking would require of the parties.

## VI. CONCLUSION

For the reasons set forth above, the Court ORDERS:

1.      Defendants Arepas House, LLC and Jorge Dominguez's Motion for Summary Judgment and Dismissal of State Claim(s) (ECF No. 28) is DENIED; and

2.      This case remains set for a 3-day jury trial to begin on September 18, 2023. (ECF No. 34.)

Dated this 30th day of June, 2023.

BY THE COURT:

William J. Martínez
Senior United States District Judge